Johnson J.
delivered the opinion of the Court.
the P. The plaintiff sued out a domestic attachment against the defendant, returnable to the Common pleas, Charlotte Hunt was summoned as garnishee to appear at • the return of '• the •' writ, and - to declare on oath, ’ how * ' much she was indebted to the defendant. In her re-or’ turn, she denied being indebted to the defendant in any amount, and the plaintiff being dissatisfied with the return, an issue was made up and a jury charged to try the truth of the fact. The proof was, that the garnishee had some time before bought of defendant, tract of land for which she undertook to pay $280, and the plaintiff introduced a witness who testified that she admitted, that about the time the attachment sued, she was indebted to defendant, a balance $140, on this account. On the other hand, a witness swore, that the defendant had admitted, that she paid him the whole amount, and upon this evidence, the jury found $140 against the garnishee. It did not ap-appear that plaintiff had given bond to prosecute the attachment, according to the act of 1785, (Public Laws 368,) and it is now moved on the part of the garnishee, Charlotte Hunt, to quash the attachment on the ground.
P. oí , , , , That as a bond was not given, the attachment was°n •ii i j ••» illegal and void.
w” ad-™,, has The rule that a garnishee has no rightto question a mere irregularity in the proceeding against the feñdant in attachment, is too fairly established to ad-™,, mit of any controversy now. It is so laid down Foster v. Jones, 1 M’Cord 116, where it was held that a garnishee could not set aside the proceedings in attachment, for want of a proper affidavit. The bond given by the plaintiff in attachment is intended for the *230 secui'ity and protection of the defendant alone, and to indemnify him against any loss or damage which he may have sustained in consequence of the attachment. it confers no benefit on the garnishee, nor subjects him to any loss; to him therefore, it is of no consequence whether there is a bond or not. The want of it is an irregularity which the defendant may waive, and if he appear and plead, that amounts to a waiver and the defect is cured. Grey v. Young, Harper L. Rep. 38. So in Camberford v. Hall, 3 M’Cord, 343, where the bond had been taken in an amount less than required by the act, and the Court refused to set aside the attachment on the application of the garnishee, and Colcock J. remarks “that the Court is not bound to set aside the judgment and dismiss the attachment on any ground of irregularity, except at the instance of the defendant.”
A motion is also made on the part of the garnishee for a new trial on the grounds:
1. That the trial of the issue was premature and irrelevant, as judgment had not been entered against the defendant.
2. That the verdict was against evidence.
There is nothing in either of these grounds. The proceeding by attachment was framed for the purpose of making the defendant a party in Court, by means of his estate and effects, or some right or interest within the power of the Court. When therefore there is nothing of this sort upon which an attachment can operate, the proceedings are a nullity corresponding in some degree with a capias ad respondendum, which is returned non est inventus. It must therefore appear on the return of the writ of attachment, that it has been levied on some of the estate, effects, or interests of the defendant authorized by the attachment laws, before the plaintiff can proceed, even against the defendant. When therefore as in this case, the attachment rests on the return of a garnishee who denies that he has in his hands power or possession, any of the estate effects &c. of the absent debtor, or that he is indebted to him, &c. and the plaintiff acquiesces in the return, *231 the proceeding in attachment is at an end and the plaintiff is out of Court. But when the plaintiff controverts the truth of the return of the garnishee, the question arising out of that controversy, must for the same reason be first tried and determined; for if it be adjudged against the plaintiff, there is nothing on which the attachment can operate. The trial of the issue in this case was therefore, not only regular but indispensible.
Weighing the evidence as I find it reported, my mind inclines to the conclusion that the preponderance is with the garnishee, but it is a question of credibility which more exclusively than any other belongs to the iury-
There is another objection to these proceedings which seems to have been overlooked in the circuit Court, but which must prove fatal to the plaintiff’s case, as from the view taken of it, no judgment ever can be rendered against the defendant or garnishee, which will not be, not only irregular, but absolutely void, on account of the want of authority to summon a garnishee, or to make the defendant a party by that means. ^
As befm-e observed, this attachment was issued by a Justice of the peace. The warrant recites that one of the plaintiffs had made oath of a debt due them by the defendant, and “that he has just grounds to suspect and verily believes that the said James (the defendant) intends to remove effects,” &c.
Now there are three cases only in which a justice of the peace is authorized by the act of 1785, (Pub. laws 367 — 8) to issue attachments.
1. “Upon complaint made upon oath by any person that his debtor is removing met of the country privately, or absconds and conceals himself so that the ordinary process of law cannot be served on him.” In this case he may issue an attachment against the estate of such debtor, or so much thereof as shall be of sufficient value to satisfy the debt and costs of such plaintiff; and the sheriff to whom it is directed, may lawfully serve and levy the same upon the slaves, goods and chattels of the party absconding &c., or in the hands *232 of any person or persons indebted to, or having any effects of the person absconding, or to summon such person or persons to appear at the next Court, then to answer upon oath what he or she is indebted to such party &c. (see sec. 4th.)
2 The second case in which a justice is authorized to issue an attachment, is, when the creditor complains on oath “that he has just grounds to suspect and verily believes, that such debtor intends to remove his effects,” Sfc., and thereupon such justice shall issue an attachment against the estate of such debtor, and it shall be lawful for the sheriff or his deputy, or the sheriffs or deputies of the counties through which the debtor may be going with his effects, to pursue and seize such effects, and make return thereof &c., (see sec. 6) but no authority is given in this case to summon a garnishee.
3. The third and last case in which a justice is authorized to issue an attachment, is when the sum claimed to be due is within the jurisdiction of a single magistrate, and when the debtor “is about to remove or is removing out of the county privately, or absconds and conceals himself that a warrant or summons cannot be served on him.” In that case also the attachment goes against the estate of the debtor only, and is returnable before the magistrate himself or some other Justice of the peace.
The propriety of this diversity in the mode of proceeding by attachment in the various cases provided for in the act, strikes me as very necessary, not only in point of form, but as matter of substance. When the debtor is in the act of removing privately, or absconds and conceals himself (the class of cases first above noticed) it is not probable that he could be made a party by process against his person; it was therefore fit that the attachment should have its full operation against his estate and effects. But that is unnecessary in the second class of cases, where the person of the debtor might be in the power of his creditor, and the process there is only intended to restrain the removal of his effects. The third class embraces all ca *233 ses where a single magistrate has jurisdiction of the debtor demand, and properly includes both the others.
Rogers, for the motion
Ross, contra.
The rule that a remedy prescribed by statute must be strictly pursued, is one of good sense and familiar occurrence, and in its application here, it is only necessary to refer, to the recital contained in the warrant of the information made before the Justice, that the plaintiff had “just grounds to suspect and verily believes that the said defendant intends to remove his effects,” to shew that the case falls within the second class of cases above enumerated. It is indeed in the precise terms of that section of the act, and under the attachment, the sheriff may seize the effects of the debtor, but had no authority to summon a garnishee; no judgment that could be rendered on these proceedings would be binding on the defendant. In effect he is not a party, consequently he would not be bound by the proceedings against the garnishee.
I am therefore of opinion that the proceedings against the garnishee should be set aside, and that she should be discharged therefrom, and it is so Ordered.
O’Neall J. concurred.
Harper J. absent.